**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
           ykrivoshey@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA LABIB, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **<u>JURY TRIAL DEMANDED</u>** |
| 24 HOUR FITNESS USA. INC., | |
| Defendant. | |

CLASS ACTION COMPLAINT

Plaintiff Brenda Labib ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant 24 Hour Fitness USA, Inc. ("24 Hour" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

### FACTS COMMON TO ALL CAUSES OF ACTION

1. Defendant 24 Hour Fitness USA, Inc. has made the unconscionable decision to keep charging its millions[1] of customers monthly membership fees while closing 100 percent of its gyms as the novel coronavirus, COVID-19, rages throughout the world and the United States economy has gone into a deep recession.

2. Defendant is the operator of more than 430 gyms or "health clubs" throughout the United States, operating in over 140 cities in California alone.[2] As its name implies, 24 Hour is advertised as being open 24 hours per day, every day of the year, other than very limited holidays (Thanksgiving day, Christmas day, and New Year's day).  To use Defendant's gyms, the vast majority of Defendant's customers sign up for (1) a month-to-month membership, paying a set fee every month along with an initiation fee or (2) a yearly membership that turns into a month-to-month membership after the initial 12 months.  Average monthly membership fees range between $29.99 to $34.99, but can be as high as roughly $50 per month in certain locations.  A limited number of customers also pay single-use fees to use Defendant's gym on a single occasion, or buy pre-paid memberships for use of Defendant's gyms from 30 days up to one year.[3]

3. To sign up for Defendant's month-to-month memberships and yearly membership, customers provide Defendant with their credit card or debit card information.  Defendant then automatically charges its customers' credit or debit cards as payments are due on a monthly basis.

---

[1] Defendant reported having nearly 4 million members in 2014.
https://www.24hourfitness.com/company/press_room/press_releases/2014/20140530.html (last accessed 3/27/2020).
[2] https://www.24hourfitness.com/Website/clubList/CA (last accessed 3/27/2020)
[3] https://www.24hourfitness.com/membership/ (last accessed 3/27/2020).

4.       On March 16, 2020, Defendant announced that it was closing all of its gyms nationwide *indefinitely*, starting at midnight that night.[4]  However, unlike most of its competitor gyms,[5] Defendant continued charging its millions of customers monthly fees – at full price. Defendant is able to unilaterally charge its millions of customers monthly fees without their consent, as it is in possession of its customers' debit and credit card information.  Thus, Defendant has made the deliberate decision to bilk its customers out of roughly $120 million *per month* while its customers do not have access to Defendant's gyms.[6]  The sole reason Defendant's customers pay monthly membership fees is to have *access* to Defendant's gyms, which is advertised to be available 24 hours per day.  Now, Defendant is charging its customers full price – at an aggregated cost of roughly $120 million per month – while denying customers all access to all of Defendant's gyms nationwide.

5.       Plaintiff seeks relief in this action individually, and on behalf of all of Defendant's customers nationwide that have paid or were charged fees while Defendant's gyms were closed for Defendant's violations of the California Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq*., Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq*., False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq*., for breach of express warranties, negligent misrepresentation, fraud, unjust enrichment, money had and received, conversion, breach of contract, and violation of California's Health Studio Services Contract Law, Civil Code §§ 1812.80, *et seq*.

## PARTIES

6.       Plaintiff Brenda Labib is a citizen of California, residing in Concord.  Ms. Labib is a current member at Defendant's 24 Hour Fitness gyms, paying $46.99 per month on a month-to-month basis.  Plaintiff has been a month-to-month member since at least 2019.  On March 16,

---

[4] https://www.24hourfitness.com/pdf/TonyLetter.pdf (last accessed 3/27/2020).
[5] For instance, Planet Fitness announced that it will not be charging its customers any fees while its gyms are closed during the coronavirus outbreak.  https://www.planetfitness.com/coronavirus-faq (last accessed 3/27/2020).
[6] Defendant reportedly had an annual revenue of $1.44 billion in 2017 https://www.clubindustry.com/news/24-hour-fitness-targets-growth-and-transformation-under-new-ceo (last accessed 3/27/2020).

2020, Defendant closed all of its 24 Hour Fitness gyms nationwide, including the 24 Hour Fitness gym in Concord, CA that Plaintiff attended.  However, on March 27, 2020, Defendant charged Plaintiff's debit card in the full amount of her month-to-month membership - $46.99 – even though Plaintiff does not have access to any of Defendant's gyms.  Further, Defendant has not refunded Plaintiff any part of her monthly fee for March 16 through March 27, 2020, when Defendant's gyms were closed.  Plaintiff signed up for Defendant's month-to-month membership with the belief and on the basis that she would have access to Defendant's gyms on a 24-hour basis.  Plaintiff would not have paid for the membership, or would not have paid for it on the same terms, had she known that she would not have access to any of Defendant's gyms.  Plaintiff continues to face imminent harm, as Defendant continues charging its customers monthly fees while all of its gyms remain closed.

7.      Defendant 24 Hour Fitness USA, Inc. is a California corporation located and headquartered in San Ramon, California.  Defendant is the operator of over 430 gyms nationwide, including gyms in California.  Defendant's fraudulent and wrongful charging its customers fees while its gyms are closed was conceived, reviewed, approved, and otherwise controlled from Defendant's California headquarters.  Defendant's fraudulent and wrongful charging its customers fees while its gyms are closed was coordinated at, emanated from, and was developed at its California headquarters.  All critical decisions regarding the unlawfully charging its customers fees while its gyms are closed were made in California.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000, exclusive of interest and costs, and most members of the proposed nationwide class are citizens of states different from the states of Defendant.

9.      This Court has general jurisdiction over Defendant because it is headquartered in California.  Further, the Court has general jurisdiction over Defendant because it conducts

substantial business within California such that Defendant has significant, continuous, and pervasive contacts with the State of California.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the challenged fee practices have been committed in this District, Defendant is headquartered in this District, and because Plaintiff resides and suffered the alleged harm in this District.

## CLASS REPRESENTATION ALLEGATIONS

11.     Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all persons in the United States who were charged fees for a period in which Defendant's gyms were closed.

12.     Plaintiff also seek to represent a subclass defined as all members of the Class who are members at a gym in California (the "California Subclass").

13.     Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

14.     Excluded from the Class are the Defendant, the officers and directors of the Defendant at all relevant times, members of its immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendant has or had a controlling interest.

15.     Plaintiff is a member of the Class and California Subclass she seeks to represent.

16.     Defendant has millions of customers nationwide that have paid or were charged fees while Defendant's gyms were closed.  Accordingly, members of the Class are so numerous that their individual joinder herein is impracticable.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

17.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions

include, but are not limited to whether Defendant has breached its contract with its customers and whether its actions are fraudulent and unlawful.

18.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendant's false and misleading advertising and was charged membership fees despite being barred from entry into Defendant's gyms, and suffered losses as a result.

19.     Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the Class members Plaintiff seek to represent, Plaintiff has retained competent counsel experienced in prosecuting class actions, and Plaintiff intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

20.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**

**Violation of California's Consumers Legal Remedies Act,**

**California Civil Code §§ 1750, *et seq.***

**(Injunctive Relief Only)**

21.    Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

22.    Plaintiff brings this claim individually and on behalf of members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of members of the proposed California Subclass against Defendant.

23.    Plaintiff and Class members are consumers who paid fees for use of Defendant's gyms for personal, family or household purposes.  Plaintiff and the Class are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d).

24.    Defendant's gym access that Plaintiff and Class members purchased from Defendant was a "service" within the meaning of Cal. Civ. Code § 1761(b).

25.    Defendant's actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of services to consumers.

26.    Defendant's advertising that its gyms would be available to its customers 24 hours per day, and that its customers would have access to its gyms upon paying a membership fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendant in fact closed all of its gyms while continuing to charge its customers the full price of gym membership.

27.    California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  By engaging in the conduct set forth herein, Defendant violated and continue to violate Section 1770(a)(5) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or

practices, in that Defendant misrepresent the particular characteristics, benefits and quantities of the services.

28.     Cal. Civ. Code § 1770(a)(7) prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.  By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(7) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant misrepresents the particular standard, quality or grade of the services.

29.     Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(9), because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant advertises services with the intent not to sell the services as advertised.

30.     Plaintiff and the Class acted reasonably when they purchased Defendant's gym membership on the belief that Defendant's representations were true and lawful.

31.     Plaintiff and the Class suffered injuries caused by Defendant because (a) they would not have purchased or paid for Defendant's gym memberships absent Defendant's representations and omission of a warning that it would continue charging customers' credit cards and debit cards while all gyms nationwide are closed; (b) they would not have purchased gym memberships on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's gym membership based on Defendant's misrepresentations and omissions; and (d) Defendant's gym memberships did not have the characteristics, benefits, or quantities as promised.

32.     Under California Civil Code § 1780(a), Plaintiff and members of the Class seek injunctive and equitable relief for Defendant's violations of the CLRA.  Plaintiff has mailed an appropriate demand letter consistent with California Civil Code § 1782(a).  If Defendant fails to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend her complaint to include a request for damages as permitted by Civil Code § 1782(d).

33.     Wherefore, Plaintiff seeks injunctive and equitable relief for these violations of the CLRA.

## COUNT II

### Violation of California's Unfair Competition Law,

### California Business & Professions Code §§ 17200, *et seq*.

34.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

35.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of members of the proposed California Subclass against Defendant.

36.     Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

37.     Defendant's advertising that its gyms would be available to its customers 24 hours per day, and that its customers would have access to its gyms upon paying a membership fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendant in fact closed all of its gyms while continuing to charge its customers the full price of gym membership.

38.     Defendant's business practices, described herein, violated the "unlawful" prong of the UCL by violating the CLRA, the FAL, and California's Health Studio Services Contract Law and other applicable law as described herein.

39.     Defendant's business practices, described herein, violated the "unfair" prong of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.  Defendant's advertising and its charging of membership fees while its gyms are closed is of no benefit to consumers.

40.     Defendant violated the fraudulent prong of the UCL by misleading Plaintiff and the Class to believe that they would only be charged fees when they would have access to Defendant's gyms.

41.     Plaintiff and the Class acted reasonably when they signed up for memberships based on the belief that they would only be charged fees when Defendant's gyms were open and accessible.

42.     Plaintiff and the Class lost money or property as a result of Defendant's UCL violations because (a) they would not have purchased or paid for Defendant's gym memberships absent Defendant's representations and omission of a warning that it would continue charging customers' credit cards and debit cards while all gyms nationwide are closed; (b) they would not have purchased gym memberships on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's gym membership based on Defendant's misrepresentations and omissions; and (d) Defendant's gym memberships did not have the characteristics, benefits, or quantities as promised.

## COUNT III

### Violation of California's False Advertising Law,

### California Business & Professions Code §§ 17500, *et seq*.

43.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

44.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

45.     California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and

which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

46.     Defendant engaged in a scheme of charging customers full monthly membership fee while 100 percent of its gyms were closed.  Defendant's advertising and marketing of its gyms as being accessible 24 hours per day misrepresented and/or omitted the true content and nature of Defendant's services.  Defendant's advertisements and inducements were made in and originated from California and come within the definition of advertising as contained in Bus. & Prof. Code § 17500, *et seq*. in that the promotional materials were intended as inducements to purchase gym memberships, and are statements disseminated by Defendant to Plaintiff and Class members. Defendant knew that these statements were unauthorized, inaccurate, and misleading.

47.     Defendant's advertising that its gyms would be available to its customers 24 hours per day, and that its customers would have access to its gyms upon paying a membership fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendant in fact closed all of its gyms while continuing to charge its customers the full price of gym membership.

48.     Defendant violated § 17500, *et seq*. by misleading Plaintiff and the Class to believe that they would be charged fees only when they have access to Defendant's gyms.

49.     Defendant knew or should have known, through the exercise of reasonable care that its advertising of its gyms as being accessible for 24 hours a day is false and misleading.  Further, Defendant knew or should have known that it was breaching its contracts with its customers and fraudulently charging fees when it continued charging fees while all of its gyms were closed.

50.     Plaintiff and the Class lost money or property as a result of Defendant's FAL violation because (a) they would not have purchased or paid for Defendant's gym memberships absent Defendant's representations and omission of a warning that it would continue charging customers' credit cards and debit cards while all gyms nationwide are closed; (b) they would not have purchased gym memberships on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's gym membership based on Defendant's

misrepresentations and omissions; and (d) Defendant's gym memberships did not have the characteristics, benefits, or quantities as promised.

## COUNT IV

### Breach of Express Warranty

51.     Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

52.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

53.     In connection with the sale of gym memberships, Defendant issues an express warranty that Defendant's gyms are accessible 24 hours per day, excluding select holidays.

54.     Defendant's affirmation of fact and promise in Defendant's marketing and signage became part of the basis of the bargain between Defendant and Plaintiff and Class members, thereby creating express warranties that the services would conform to Defendant's affirmation of fact, representations, promise, and description.

55.     Defendant breached its express warranty because Defendant's gyms are not accessible 24 hours per day.  In fact, Defendant charges its customers the full amount of its monthly fees while 100 percent of its gyms are closed.

56.     Plaintiff and the Class members were injured as a direct and proximate result of Defendant's breach because: (a) they would not have purchased or paid for Defendant's gym memberships absent Defendant's representations and omission of a warning that it would continue charging customers' credit cards and debit cards while all gyms nationwide are closed; (b) they would not have purchased gym memberships on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's gym membership based on Defendant's misrepresentations and omissions; and (d) Defendant's gym memberships did not have the characteristics, benefits, or quantities as promised.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### COUNT V

### Negligent Misrepresentation

57.     Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

58.     Plaintiff bring this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

59.     As discussed above, Defendant misrepresented that its gyms are accessible 24 hours per day.  However, Defendant in fact charges full price for monthly memberships even when 100 percent of its gyms are closed to the public.

60.     At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

61.     At an absolute minimum, Defendant negligently misrepresented and/or negligently omitted material facts about its gym memberships and services.

62.     The negligent misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase Defendant's gym memberships.

63.     Plaintiff and Class members would not have purchased Defendant's gym memberships, or would not have purchased the services on the same terms, if the true facts had been known.

64.     The negligent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COUNT VI**

**Fraud**

65.     Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

66.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

67.     As discussed above, Defendant misrepresented that its gyms are accessible 24 hours per day.  However, Defendant in fact charges full price for monthly memberships even when 100 percent of its gyms are closed to the public.  These misrepresentations and omissions were made with knowledge of their falsehood.

68.     The misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended and actually induced Plaintiff and Class members to Defendant's gym memberships.

69.     The fraudulent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

**COUNT VII**

**Unjust Enrichment**

70.     Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

71.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

72.     Plaintiff and members of the Class conferred benefits on Defendant by paying, and being charged, membership fees while 100 percent of Defendant's gyms were and remain closed.

73.     Defendant has knowledge of such benefits.

74.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' membership fees.  Retention of those moneys under these circumstances is unjust and inequitable because Defendant is charging its customers full price while 100 percent of its gyms remain closed.  These misrepresentations and charges caused injuries to Plaintiff and members of the Class because they would not have paid Defendant's membership fees had the true facts been known.

75.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and members of the Class is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Class for their unjust enrichment, as ordered by the Court.

## COUNT VIII

### Money Had and Received

76.     Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

77.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

78.     Defendant received money in the form of membership fees that was intended to be used for the benefit of Plaintiff and the Class, those membership fees were not used for the benefit of Plaintiff and the Class, and Defendant has not given back or refunded the wrongfully obtained money and membership fees to Plaintiff and the Class.

79.     Defendant obtained roughly money in the form of membership fees that was intended to be used to provide gym access to Plaintiff and the Class.  However, Defendant has retained all of the membership fees while 100 percent of its gyms were and remain closed.

## COUNT IX

### Conversion

80.    Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

81.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

82.    Plaintiff and members of the Class had a right to retain their membership fees while all of Defendant's gyms were and remain closed; Defendant intentionally charged Plaintiff's and Class members' debit and credit cards in the full amount of the monthly membership fees while Defendant's gyms were closed; Plaintiff and Class members did not consent to Defendant's charging of their debit and credit cards while Defendant's gyms are closed; Plaintiff and Class members were harmed through Defendant's charging of their debit and credit cards; Defendant's conduct was a substantial factor in causing Plaintiff and Class members' harm.

## COUNT X

### Breach of Contract

83.    Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

84.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

85.    Defendant entered into contracts with Plaintiff and Class members to provide access to gym facilities in exchange for the payment of membership fees.  Defendant has breached these contracts by continuing to charge Plaintiff and Class members' debit and credit cards while 100 percent of its gyms remain closed.  Plaintiff and Class members have suffered an injury through the payment of membership fees while not having access to Defendant's gyms.

1

2                                              **COUNT XI**

3              **Violation of California's Health Studio Services Contract Law**

4                                    **Civil Code §§ 1812.80, *et seq*.**

5              86.      Plaintiff hereby incorporate by reference the allegations contained in all preceding

6      paragraphs of this complaint.

7              87.      Plaintiff brings this claim individually and on behalf of the members of the

8      proposed Class against Defendant.  Plaintiff also brings this claim individually and on behalf of the

9      members of the proposed California Subclass against Defendant.

10             88.      Under Cal. Civ. Code § 1821.92, any contract for heath studio services entered into

11     in reliance upon any willful and false, fraudulent, or misleading information, representation, notice

12     or advertisement of the seller shall be void and unenforceable.  Here, Plaintiff and Class members

13     signed up for Defendant's gym membership based on Defendant's false and misleading

14     representation that they would have access to Defendant's gyms 24 hours per day, when, in fact,

15     Defendant unilaterally charged them the full cost of membership while 100 percent of its gyms

16     were closed.  Accordingly, the membership contracts are void and Defendant must refund all of the

17     memberships charged while its gyms were and remain closed.

18             89.      Further, Cal. Civ. Code § 1812.85 requires that "[e]very contract for health studio

19     services shall provide that performance of the agreed-upon services will begin within six months

20     after the date the contract is entered into.  The consumer may cancel the contract and receive a pro

21     rata refund if the health studio fails to provide the specific facilities advertised or offered in writing

22     by the time indicated."  Here, Defendant advertises that its gyms are open and accessible 24 hours

23     per day, when, in fact, it charges customers full price of monthly members when 100 percent of its

24     gyms are closed.  Accordingly, Plaintiff and Class members are entitled to refunds for all fees paid

25     while Defendant's gyms were and remain closed.

26

27

28

1

## **PRAYER FOR RELIEF**

2          WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks

3   judgment against Defendant, as follows:

4          a)   For an order certifying the Class under Rule 23 of the Federal Rules of Civil

5                Procedure and naming Plaintiff as representative of the Class and Plaintiff's

6                attorneys as Class Counsel to represent the Class members;

7          b)   For an order certifying the California Subclass under Rule 23 of the Federal Rules

8                of Civil Procedure and naming Plaintiff as representative of the California Subclass

9                and Plaintiff's attorneys as Class Counsel to represent the California Subclass

10                members;

11          c)   For an order declaring that Defendant's conduct violates the statutes and laws

12                referenced herein;

13          d)   For an order finding in favor of Plaintiff, the Class, and the California Subclass, on

14                all counts asserted herein;

15          e)   For compensatory and punitive damages in amounts to be determined by the Court

16                and/or jury;

17          f)   For prejudgment interest on all amounts awarded;

18          g)   For an order of restitution and all other forms of equitable monetary relief;

19          h)   For injunctive relief as pleaded or as the Court may deem proper; and

20          i)   For an order awarding Plaintiff and the Class their reasonable attorneys' fees and

21                expenses and costs of suit.

22

## **DEMAND FOR TRIAL BY JURY**

23          Plaintiff demands a trial by jury of all issues so triable.

24

25   Dated:  March 27, 2020                          Respectfully submitted,

26                                                     **BURSOR & FISHER, P.A.**

27                                                     By:___*/s/ Yeremey Krivoshey*_____
                                                             Yeremey Krivoshey

28

---

CLASS ACTION COMPLAINT                                                                    17

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

L. Timothy Fisher (State Bar No. 191626)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
            ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL  33133
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Brenda Labib, declare as follows:

1.      I am a plaintiff in this action.  I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2.      The complaint filed in this action is filed in the proper place because Defendant 24 Hour Fitness USA, Inc. is a California company, is headquartered in this District, and operates 24 Hour Fitness gyms, including the gym I went to, in this District.  Further, I paid and was charged membership fees by Defendant in this District.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on March 27, 2020 in Concord, CA.

_____
Brenda Labib